**Carol Aoese Tavita**
5536 W. Cromwell Avenue
Fresno, CA 93722
Telephone: 559-360-1968
Email: caroltavita6@gmail.com
SSN: XXX-XX-5262

FILED

ISAF

AUG 27 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re: Carol Aoese Tavita**<br><br>Debtor<br><br><br>**Carol Aoese Tavita**<br><br>      Plaintiff<br><br>v.<br><br><br>**1) Department of Education/ MOHELA**<br><br>**2) NAVIENT SOLUTIONS, LLC.**<br><br>      Defendants | Case No. - 24-10350<br><br>*24-01028*<br><br>Chapter: 7<br><br><br><br>**Adversary Proceeding Complaint** |

# Debtor's Complaint to Determine Dischargeability of Student Loans Due to Undue Hardship 11 U.S.C. 523 (a) (8)

## Parties:

1. Carol Tavita is a citizen of both California and the United States, who resides in Fresno, California, which is within the jurisdiction of the Eastern District Court of California.
2. Defendant – Department of Education/ Mohela
3. Defendant – Navient Solutions, LLC

JURISDICTION AND VENUE:

This adversary proceeding is brought under 11 USC § 523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC § 2201.

This Court has jurisdiction over this adversary proceeding under § 157(b) and § 1334 (b) of the Judiciary and Judicial Procedural Rules. Venue is proper in the Eastern District of California under 28 USC § 1409 because this matter arises in and is related to a bankruptcy case filed in this district.

Carol consents to entry of final orders or judgement by the bankruptcy court.

On February 19, 2024, Carol Tavita filed a Chapter 7 bankruptcy case in California. This is an adversary proceeding by which the individual debtor seeks a declaration that repayment of her student loans from the above-captioned defendants (collectively, "Defendants") in the amount of $226,529.00, would be an undue hardship under Bankruptcy Code section

523 (a) (8). Debtor, Mrs. Tavita attaches a signed Attestation to the Department Attorney with a copy of Mrs. Tavita's 2024 tax return. Pursuant to the Guidance, the Department Attorney would evaluate the information provided in the Attestation as follows to determine if the facts in Mrs. Tavita's case justify stipulating that she has shown an undue hardship within the meaning of Section 523 (a) (8) of the Bankruptcy Code.

## PERSONAL INFORMATION:

My Attestation lists relevant background information. It shows that I live in Fresno County, California, in a household consisting of myself (age 52), husband (age 55), and my daughter (age 19). I list a student loan balance of $226,529.00, and both loans are in an income base repayment plan.

In my attempt to earn an undergraduate Business Administration degree, I had to attend a few colleges in my lifetime. I had attended CSU, Hayward in August, of 1989 – June of 1995, and took 2 quarters off. I struggle during that time because I had my first son in 1991. I worked part time during this college period but could not get any job opportunity for a career or complete my Bachelor's degree. I had my second child in August of 1995. Attended Fresno Institute of Technology and earned a Computerized Office Administration Certificate for this vocation school in 1997. Attended one semester at Fresno State University around 1996. I try to go back to school to get my BA degree with University of Phoenix around 2001 but I could not finish cause my third son was always getting sick that kept getting me to miss classes. I end up withdrawing. In 2010 – 2012, I was told that online classes would be better for adults to get their BA degrees. I attended Grand Canyon University online in 2010, and I was not able to complete classes as required. The cost was high, and everything was constrained in time. Over the years, I had accumulated so many loans and did not receive a degree in business. I borrowed over $56,000 in student loans now held by Mohela and Navient. Navient had consolidated my loans. My balance for Navient is $207,793 and Mohela balance is $14,767. The total of both loans is $222,560. I have made requests almost every year for deferments and forbearances opportunities when I can.

My efforts, however, have gotten me nowhere. It was a challenge to sustain good paying jobs in the Fresno County area. My balances and interest have tripled. I owe over $200 thousand dollars. I do not see any relief in the

horizon, and I cannot qualify for any forgiveness plan only for income-based repayment plans that will just keep increasing my interest.

My employment history, experience, and current skills render my qualification for work in customer service and administration. It is unclear such work would render a salary high enough to permit me to repay my student loans based on my actual earnings from work in these fields. My employment history in this Court's record shows that I have actual earnings, with my skills and experience, did not provide sufficient income to make the payments on the student loan debt.

## PRESENT ABILITY TO PAY:

I am currently the only one working in our household full time for 1 year at Internal Revenue Service as a Contact Representative. I reported on our attestation that I earn $2,900.00 per month and current monthly expenses of $3,200.00, including $620.00 that is deducted from my paycheck for taxes, Medicare, Social Security, Health Insurance, Life Insurance, and retirement.

If I stay at my current position for the rest of my years to retirement age of 65, my income may increase $1 - $2 per hour a year. My net income may be roughly be around $3,200 − 4,200 net income a month in the next 2 − 5 years. Even at that income, I would not be able to pay any amount towards my monthly loan payments would be around $1,194.50.

We are filing bankruptcy because we could not afford to pay our debts because of my only income for our household. We are about to lose our house by selling our house to pay all our Creditors. With the increasing cost of living in our county and in the state of California, my income will not be enough to pay the $1,194.50 per month for both loans. This monthly payment is an estimate.

My husband and I have some medical issues now that we are both over the age of 50. My husband had two strokes in the past, and in 2020, he applied for disability insurance through SSA because he has diabetes mellitus type II with peripheral neuropathy and nephropathy, and cataracts. His cataracts were corrected but his eyesight is still not normal. He lasted work in 2019 as a field technician. He is having difficulty with self-care and independent

living. I am helping with most of his self-care activity at home on the daily basis because he has a hard time standing long. My husband's claim was denied for disability insurance and now he had to file a lawsuit against SSA as his final step.

I have been diagnosed with diabetes type II with Severe Kidney Disease, Chronic Kidney Disease, Gout, hypertension, and got Osteoarthritis of Bilateral Shoulders. I am taking several medications. I am prescribed Jardiance and Insulin Glargine with needles to lower my blood sugar. I use Dexcom G7 sensor to monitor my glucose day and night. I am prescribed Amlodipine, Metoprolol Succinate, and Lisinopril to treat my high blood pressure. I am prescribed Lidocaine Patch to relieve pain in my shoulders.

I am bringing our medical issues up because when I selected coverage for health insurance through my employer during open enrollment in November 2023, I was not aware if Medi-Cal would cover us for 2024. Therefore, I got the best Kaiser Plan since we are getting more seen by our doctors and medications are prescribed constantly monthly which is a normal monthly expense. We found out from Health and Human Services Agency with the State of California that we were qualified to get our Medi-Cal healthcare got renewed for 2024 in May 2024. I cannot cancel Kaiser Health Plan until open enrollment in November 2024 for 2025-year coverage. I will use both healthcare coverages to assist us with our healthcare costs for the next few months.


I did provide information about my income and expenses in Part II of the Attestation. I reported that I earned $2900 per month and has current monthly expenses of $ We will be losing our house and our vehicle during our bankruptcy to pay our creditors back. Therefore, our expenses will be changing in a few weeks. Our family will be looking for housing and another vehicle. We do not have a car right now. We will not know what our inadequate housing cost will be or our expense in financing a vehicle for transportation will be. Below are the steps the Department attorney, in consultation with Education, takes in analyzing my income and expenses:

1) The Department attorney checks my submitted tax return to determine if it is consistent with my stated gross income ($2900). I have filed the 2023 tax return and attached for the Department

attorney to review. My tax return shows Adjusted Gross Income of $36,998.00. This amount divided by 12 is $3,083, a monthly average which is consistent with (and slightly more) than the $2,900 I have listed on the Attestation. The income stated on the Attestation thus appears correct.

2) The Department attorney should use the IRS standards to determine my allowable expenses:

a) Payroll deductions. My payroll deductions of $540 are almost certainly allowable. I have deducted $195 for taxes, Medicare, and Social Security expenses, which are generally allowed under the IRS Standards, and the Department attorney should accept the amount of tax withholdings as an expense unless there is an obvious pattern of over withholding. In general, excessive withholding will be accompanied by a significant tax refund, however, my recent tax refund for tax year 2023 is $3,031. (which averages to a hypothetical $252 in monthly income) an amount which is not significant. Accordingly, there is no basis to conclude that I had excessive withholding.

My payroll deduction for health insurance of $538 health insurance (Line 15(a)(vi)) is also almost certainly allowable. The Department attorney should generally allow health insurance expenses (whether payroll deductions or not) as long as the debtor indicates the policy covers only family members and not others. On Line 15 (a)(vi) health deduction appears appropriate.

b) Living Expenses (National and Local Standards).

Line 14(a) of the Attestation asks the debtor to confirm whether certain expenses are within amounts allowed under the IRS National Standards. Here, I have confirmed that my household monthly expenses do not exceed the allowed amounts for the following categories, nor the aggregate amount for these categories. The Department attorney

should allow the full amount for these categories (for a household of three):

Food: $977

Housekeeping supplies: $83

Apparel & Services: $187

Personal care products and services: $87

Miscellaneous: $343

Total: $1677

My allowed expenses of $ $2,246.60 exceeds my monthly income of $1,952.94, which has been verified by my tax returns and my individual filing for Bankruptcy – Chapter 7. Because my allowed expenses exceed my income, the Department attorney should find my current finances and income does not have sufficient means to pay my student loans while maintaining a minimal standard of living.

Future Circumstances:

Part III of my Attestation allows a debtor to attest to matters showing that the inability to pay will persist into the future. In Line 18, the debtor can attest to two circumstances that justify a presumption of a future inability to pay. I did not complete my degree with any of the colleges I had attended. Accordingly, I am entitled to a presumption that I am unable to repay the loan in the future.

Although the presumption of future inability to pay is rebuttable, those circumstances should be infrequent. Illustratively, I did not provide any information in my Attestation that indicates a likely future ability to pay or that her financial circumstances are likely to change. The Attestation, as a whole, supports my claim that I will remain unable to pay. I have shown that I had to care for my family than completing my business degree. My current job does not offer significant raises or promotions. I am unable to find a

second job because of my health conditions and husband's health conditions. None of this information provides a basis to rebut the presumption of future inability to pay. Indeed, this information would appear to support a conclusion that I lack a future ability to pay even in the absence of any presumption. In this situation, there does not appear to be a need for the attorney to investigate further. Although there are circumstances where the Department attorney may reasonably make inquiry to supplement or elucidate statements in the Attestation, that need may be infrequent. In this example, the Department attorney should conclude that my inability to pay will continue for a significant portion of the repayment period.

Prior Efforts to Repay Loans:

Part IV of the Attestation provides information the Department attorney should use to determine if Carol Tavita has made a good faith effort to repay her loans. In this case, good faith should likely be found, because the information provided on Mrs. Tavitas Attestation reflects that she has maximized income by obtaining full-time employment, minimized expenses, and has not willfully attempted to avoid repaying her loans.

If Department attorney looks at my history with my two lenders, I have always applied for a deferment or a forbearance every year. I have never gone into default with any of my student loans. My husband when he was working had supported some years, but it was tough to make ends meet when raising five children. I continued to work full time when I could, but nothing in the Attestation suggests I acted willfully by not enrolling in an IDRP or was disinterested in repaying my loans.

Based on review of the Attestation, it is appropriate for the Department attorney to conclude that I am entitled to a discharge of my student loans.

Praying:

- Determine that in accordance with 11 USC § 523 (a) (8), the payment of my loans would impose an undue hardship on me and my dependents

- Determine that my loans were discharged in my bankruptcy proceeding; and
- Grant such other relief this Court deems just and proper

Respectfully submitted,

Carol Aoese Tavita

8/27/24

[Updated August 2023]

## IN THE UNITED STATES BANKRUPTCY COURT
FOR THE ____EASTERN____ DISTRICT OF ___CALIFORNIA___

In re:                                              )
                                                    )
  Carol Aoese Tavita                                )    Case No. _2024-10350_
                                                    )    Chapter [7]
      Debtors.                                      )
                                                    )
_____                     )
                                                    )
                                                    )
  Carol Aoese Tavita                                )
                                                    )
      Plaintiff,                                    )    Adversary Pro. _Complaint_____
                                                    )
v.                                                  )
                                                    )
UNITED STATES DEPARTMENT                            )
OF EDUCATION, [et al.],                             )
                                                    )
      Defendant[s].                                 )
_____                     )

### ATTESTATION OF [CAROL A. TAVITA] IN SUPPORT OF REQUEST FOR STIPULATION CONCEDING DISCHARGEABILITY OF STUDENT LOANS

*PLEASE NOTE: This Attestation should be submitted to the Assistant United States Attorney handling the case. It should not be filed with the court unless such a filing is directed by the court or an attorney.*

I, [____Carol A. Tavita____], make this Attestation in support of my claim that excepting the student loans described herein from discharge would cause an "undue hardship" to myself and my dependents within the meaning of 11 U.S.C. §523(a)(8). In support of this Attestation, I state the following under penalty of perjury:

### I. PERSONAL INFORMATION

1.    I am over the age of eighteen and am competent to make this Attestation.

-1-

[Updated August 2023]

2.    I reside at _5536 W. Cromwell Avenue, Fresno, CA 93722_ [address], in __Fresno__ County,
__California__ [state].

3.    My household includes the following persons (including myself):

_Carol Tavita_ [full name] _52_ [age] _____ [self]

_Raymond Tavita_ [full name] _55_ [age] _Spouse_ [relationship]

_Joanna Tavita_ [full name] _19_ [age] _Daughter_ [relationship]

_____ [full name] _____ [age] _____ [relationship]

_____ [full name] _____ [age] _____ [relationship]

_____ [full name] _____ [age] _____ [relationship]

*Questions four through eight request information related to your outstanding student loan debt and your educational history. The Department of Education will furnish this information to the Assistant United States Attorney ("AUSA") handling your case, and it should be provided to you. If you agree that the information provided to you regarding your student loan debt and educational history is accurate, you may simply confirm that you agree, and these questions do not need to be completed. If you have not received the information from Education or the AUSA at the time you are completing this form, or if the information is not accurate, you may answer these questions based upon your own knowledge. If you have more than one student loan which you are seeking to discharge in this adversary proceeding, please confirm that the AUSA has complete and accurate information for each loan, or provide that information for each loan.*

4.    I confirm that the student loan information and educational history provided to me and attached to this Attestation is correct and complete: YES ☑ NO ☐ No Information Provided ☐

[If you answered anything other than "YES," you must answer questions five through eight].

5.    The outstanding balance of the student loan[s] I am seeking to discharge in this adversary proceeding is $ _226,529.00_ .

[Updated August 2023]

6.      The current monthly payment on such loan[s] is _____. The loan[s] are scheduled to be repaid in _____ [month and year] **[OR]** ☐ My student loan[s] went into default in _____ [month and year].

7.      I incurred the student loan[s] I am seeking to discharge while attending _____, where I was pursuing a _____ degree with a specialization in _____.

8.      In _____ [month and year], I completed my course of study and received a _____ degree. **[OR]** In _____ [month and year], I left my course of study and did not receive a degree.

9.      I am currently employed as a ___Contact Representative___. My employer's name and address is __IRS, 855 St, Fresno, CA 93721__ **[OR]** ☐ I am not currently employed.

## II. CURRENT INCOME AND EXPENSES

10.     I do not have the ability to make payments on my student loans while maintaining a minimal standard of living for myself and my household. I submit the following information to demonstrate this:

### A. *Household Gross Income*

11.     My current monthly household ***gross*** income from all sources is $___3200.00___.[1] This amount includes the following monthly amounts:

---

[1] "Gross income" means your income before any payroll deductions (for taxes, Social Security, health insurance, etc.) or deductions from other sources of income. You may have included information about your gross income on documents previously filed in your bankruptcy case , including Form B 106I, Schedule I - Your Income (Schedule I). If you filed your Schedule I within the past 18 months and the income information on those documents has not changed, you may refer to that document for the income information provided here. If you filed Schedule I more than 18 months prior to this Attestation, or your income has changed, you should provide your new income information.

[Updated August 2023]

_____3200.00_____ my *gross* income from employment (if any)

_____ my unemployment benefits

_____ my Social Security Benefits

_____ my _____

_____ my _____

_____ my _____

_____ *gross* income from employment of other members of household

_____ unemployment benefits received by other members of household

_____ Social Security benefits received by other members of household

_____ other income from any source received by other members of household

12.     The current monthly household gross income stated above (select which applies):

[✔]   Includes a monthly average of the gross income shown on the most recent tax return[s] filed for myself and other members of my household, which are attached, and the amounts stated on such tax returns have not changed materially since the tax year of such returns; OR

[ ]   Represents an average amount calculated from the most recent two months of gross income stated on four (4) consecutive paystubs from my current employment, which are attached; OR

[ ]   My current monthly household gross income is not accurately reflected on either recent tax returns or paystubs from current employment, and I have submitted instead the following documents verifying current gross household income from employment of household members:

_____

13.     In addition, I have submitted _____ verifying the sources of income other than income from employment, as such income is not shown on [most recent tax return[s] or paystubs].

[Updated August 2023]

### B. *Monthly Expenses*

14.    My current monthly household expenses do/do not exceed the amounts listed

below based on the number of people in my household for the following categories:

(a)    Living Expenses[2]

| | | | |
|---|---|---|---|
| i. | My expenses for food<br>$466 (one person)<br>$777 (two persons)<br>$936(three persons)<br>$1123 (four persons) | do exceed ☑ | do not exceed ☐ |
| ii. | My expenses for housekeeping supplies<br>$47 (one person)<br>$80 (two persons)<br>$85 (three persons)<br>$90 (four persons) | do exceed ☑ | do not exceed ☐ |
| iii. | My expenses for apparel & services<br>$96 (one person)<br>$145(two persons)<br>$207 (three persons)<br>$252 (four persons) | do exceed ☑ | do not exceed ☐ |
| iv. | My expenses for (non-medical) personal<br>care products and services<br>$43 (one person)<br>$78 (two persons)<br>$91 (three persons)<br>$97 (four persons) | do exceed ☑ | do not exceed ☐ |
| v. | My miscellaneous expenses (not included<br>elsewhere on this Attestation)<br>$189 (one person)<br>$309 (two persons)<br>$381 (three persons)<br>$431 (four persons) | do exceed ☑ | do not exceed ☐ |
| vi. | My total expenses in these categories<br>$841 (one person) | do exceed ☑ | do not exceed ☐ |

---

[2] The living expenses listed in Question 14 and 15 have been adopted from the Internal Revenue Service Collection Financial Standards "National Standards" and "Local Standards" for the year in which this form is issued. This form is updated annually to reflect changes to these expenses.

[Updated August 2023]

> $1389 (two persons)
> $1700 (three persons)
> $1993 (four persons in household)
> Add $356 per each additional member if more than four in household.

If you answered that your total expenses for any of the categories (i) through (v) exceed the applicable amount listed in those categories, and you would like the AUSA to consider your additional expenses for any such categories as necessary, you may list the total expenses for any such categories and explain the need for such expenses here. (You do not need to provide any additional information if you answered that your total expenses did not exceed the applicable amount listed in subsection (vi)).

<u>(b)</u>     Uninsured medical costs:

My uninsured, out of pocket medical costs do exceed ☐ do not exceed ☑

> $79 (per household member under 65)
> $154 (per household member 65 or older)

If you answered that your uninsured, out of pocket medical costs exceed the listed amounts for any household member, and you would like the AUSA to consider such additional expenses as necessary, you may list the household member's total expenses and explain the need for such expenses here.

[If you filed a Form 122A-2 Chapter 7 Means Test or 122C-2 Calculation of Disposable Income in your bankruptcy case, you may refer to lines 6 and 7 of those forms for information.][3]

---

[3] Forms 122A-2 and 122C-2 are referred to collectively here as the "Means Test." If you filed a Means Test in your bankruptcy case, you may refer to it for information requested here and in

[Updated August 2023]

15. My current monthly household expenses in the following categories are as follows:

(a) Payroll Deductions

    i.    Taxes, Medicare and Social Security    $ 328.26
        [You may refer to line 16 of the Means Test or Schedule I, line 5]

    ii.    Contributions to retirement accounts    $ 318.84
        [You may refer to line 17 of the Means Test or Schedule I, line 5]

        Are these contributions required
        as a condition of your employment?    YES ☐ / NO ☑

    iii.    Union dues    $ 41.44
        [You may refer to line 17 of the Means Test or Schedule I, line 5]

    iv.    Life insurance    $ 319.04
        [You may refer to line 18 of the Means Test or Schedule I, line 5]

        Are the payments for a term policy
        covering your life?    YES ☐ / NO ☐

    v.    Court-ordered alimony and child support    $ 0
        [You may refer to line 19 of the Means Test or Schedule I, line 5]

    vi.    Health insurance    $ 538.14
        [You may refer to line 25 of the Means Test or Schedule I, line 5]

        Does the policy cover any persons other than
        yourself and your family members?    YES ☐ / NO ☑

    vii.    Other payroll deductions
        Dental Plan    $ 131.16
        Vision Plan    $ 19.84
            $

---

other expense categories below. If you did not file a Means Test, you may refer to your Schedule I and Form 106J – Your Expenses (Schedule J) in the bankruptcy case, which may also list information relevant to these categories. You should only use information from these documents if your expenses have not changed since you filed them.

[Updated August 2023]

(b) Housing Costs[4]

| | | |
|---|---|---|
| i. | Mortgage or rent payments | $ _____ |
| ii. | Property taxes (if paid separately) | $ _____ |
| iii. | Homeowners or renters insurance (if paid separately) | $ _____ |
| iv. | Home maintenance and repair (average last 12 months' amounts) | $ 180.00/month |
| v. | Utilities (include monthly gas, electric water, heating oil, garbage collection, residential telephone service, cell phone service, cable television, and internet service) | $ 398.00/month |

(c) Transportation Costs

| | | |
|---|---|---|
| i. | Vehicle payments (itemize per vehicle) | $ 512.01/month |
| ii. | Monthly average costs of operating vehicles (including gas, routine maintenance, monthly insurance cost) | $ 210.00 |
| iii. | Public transportation costs | $ 0 |

(d) Other Necessary Expenses

i.    Court-ordered alimony and child support payments    $ _____
      (if not deducted from pay)
      [You may refer to line 19 of Form 122A-2 or 122C-2 or Schedule J, line 18]

ii.   Babysitting, day care, nursery and preschool costs    $ _____
      [You may refer to line 21 of Form 122A-2 or 122C-2 or Schedule J, line 8][5]

      Explain the circumstances making it necessary
      for you to expend this amount:

---

[4] You should list the expenses you actually pay in Housing Costs and Transportation Costs categories. If these expenses have not changed since you filed your Schedule J, you may refer to the expenses listed there, including housing expenses (generally on lines 4 through 6 of Schedule J) and transportation expenses (generally on lines 12, 15c and 17).

[5] Line 8 of Schedule J allows listing of expenses for "childcare and children's education costs." You should not list any educational expenses for your children here, aside from necessary nursery or preschool costs.

[Updated August 2023]

iii.     Health insurance                   $_____
(if not deducted from pay)
[You may refer to line 25 of the Means Test or Schedule J, line 15]

Does the policy cover any persons other than    YES ☐ / NO ☐
yourself and your family members?

iv.     Life insurance                     $_____
(if not deducted from pay)
[You may refer to line 25 of the Means Test or Schedule J, line 15]

Are the payments for a term policy        YES ☐ / NO ☐
covering your life?

v.     Dependent care (for elderly or disabled      $_____
family members)
[You may refer to line 26 of the Means Test or Schedule J, line 19]

Explain the circumstances making it necessary
for you to expend this amount:

vi.     Payments on delinquent federal, state or local tax debt   $_____
[You may refer to line 35 of the Means Test or Schedule J, line 17]

Are these payments being made pursuant    YES ☐ / NO ☐
to an agreement with the taxing authority?

vii.     Payments on other student loans          $_____
I am not seeking to discharge

viii.     Other expenses I believe necessary for       $_____
a minimal standard of living.

Explain the circumstances making it necessary
for you to expend this amount:

[Updated August 2023]

16.     After deducting the foregoing monthly expenses from my household gross income, I have ___203.27___ [no, or amount] remaining income.

17.     In addition to the foregoing expenses, I anticipate I will incur additional monthly expenses in the future for my, and my dependents', basic needs that are currently not met.[6] These include the following:

> My husband is disabled, and I may have to find care for him to bath and household chores because my shoulders are getting worse. I have athritis or degenerative changes.

## III. <u>FUTURE INABILITY TO REPAY STUDENT LOANS</u>

18.     For the following reasons, it should be presumed that my financial circumstances are unlikely to materially improve over a significant portion of the repayment period (answer all that apply):

☐ I am age 65 or older.

☑ The student loans I am seeking to discharge have been in repayment status for at least 10 years (excluding any period during which I was enrolled as a student).

☑ I did not complete the degree for which I incurred the student loan[s].

Describe how not completing your degree has inhibited your future earning capacity:

> I did not complete my bachelor's degree in business which limited my earnings and increase of promotional potential for management or adminstrative positions with higher income in my area.

☐ I have a disability or chronic injury impacting my income potential.

---

[6] If you have forgone expenses for any basic needs and anticipate that you will incur such expenses in the future, you may list them here and explain the circumstances making it necessary for you to incur such expenses.

[Updated August 2023]

Describe the disability or injury and its effects on your ability to work, and indicate whether you receive any governmental benefits attributable to this disability or injury:

☑ I have been unemployed for at least five of the past ten years.

Please explain your efforts to obtain employment.

I have always try to find work to help with adding income to our household with raising five children.

19. For the following additional reasons, my financial circumstances are unlikely to materially improve over a significant portion of the repayment period (answer all that apply):

☐ I incurred the student loans I am seeking to discharge in pursuit of a degree from an institution that is now closed.

Describe how the school closure inhibited your future earnings capacity:

☐ I am not currently employed.

☐ I am currently employed, but I am unable to obtain employment in the field for which I am educated or have received specialized training.

Describe reasons for inability to obtain such employment, and indicate if you have ever been able to obtain such employment:

-11-

[Updated August 2023]

☑ I am currently employed, but my income is insufficient to pay my loans and unlikely to increase to an amount necessary to make substantial payments on the student loans I am seeking to discharge.

Please explain why you believe this is so:

A raise of income in my current employment is only likely on a annual evaluation. This means it is only going to be a $1 increase. This is not a high hike where it will impact my income to pay my student loans back.

☐ Other circumstances exist making it unlikely I will be able to make payments for a significant part of the repayment period.

Explain these circumstances:

## IV. PRIOR EFFORTS TO REPAY LOANS

20. I have made good faith efforts to repay the student loans at issue in this proceeding, including the following efforts:

21. Since receiving the student loans at issue, I have made a total of $_____ in payments on the loans, including the following:

____ regular monthly payments of $_____ each.

____ additional payments, including $_____, $_____, and $_____.

22. I have applied for __28__ forbearances or deferments. I spent a period totaling ____ months in forbearance or deferment.

23. I have attempted to contact the company that services or collects on my student loans or the Department of Education regarding payment options, forbearance and deferment options, or loan consolidation at least __27__ times.

-12-

[Updated August 2023]

24.    I have sought to enroll in one or more "Income Driven Repayment Programs" or similar repayment programs offered by the Department of Education, including the following:

Description of efforts:

applying for Income Driven Repayment Program every year I get a chance to when I knew about it.

25.    [If you did not enroll in such a program]. I have not enrolled in an "Income Driven Repayment Program" or similar repayment program offered by the Department of Education for the following reasons:

26.    Describe any other facts indicating you have acted in good faith in the past in attempting to repay the student loan(s) you are seeking to discharge. These may include efforts to obtain employment, maximize your income, or minimize your expenses. They also may include any efforts you made to apply for a federal loan consolidation, respond to outreach from a loan servicer or collector, or engage meaningfully with a third party you believed would assist you in managing your student loan debt.

[Updated August 2023]

## V. <u>CURRENT ASSETS</u>

27.     I own the following parcels of real estate:

Address:  5536 W. Cromwell Avenue

Fresno, CA 93722

Owners:[7]  Carol & Raymond Tavita

Tonka Investments & J. Bustamante

Fair market value:  $510,000

Total balance of mortgages and other liens.  $320,000

28.     I own the following motor vehicles:

Make and model:  2022 Mazda MX-30

Fair market value:  18,500.00

Total balance of Vehicle loans And other liens  22,944.00

29.     I hold a total of _____1_____ in retirement assets, held in 401k, IRA and similar retirement accounts.

30.     I own the following interests in a corporation, limited liability company, partnership, or other entity:

---

[7] List by name all owners of record (self and spouse, for example)

[Updated August 2023]

| Name of entity | State incorporated[8] | Type[9] and %age Interest |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

31.     I currently am anticipating receiving a tax refund totaling $ _3,031.00_ .

## VI. ADDITIONAL CIRCUMSTANCES

32.     I submit the following circumstances as additional support for my effort to

discharge my student loans as an "undue hardship" under 11 U.S.C. §523(a)(8):

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Name: Carol A. Tavita
_____

Date: 08/27/2024
_____

---

[8] The state, if any, in which the entity is incorporated. Partnerships, joint ventures and some other business entities might not be incorporated.

[9] For example, shares, membership interest, partnership interest.

**(Cases Filed On or After May 15, 2024)**

> **Note:** The IRS expense figures posted on this Web site are for use in completing bankruptcy forms. They are not for use in computing taxes or for any other tax administration purpose. Expense information for tax purposes can be found on the IRS Web Site.

### Collection Financial Standards for Food, Clothing and Other Items

| Expense | One Person | Two Persons | Three Persons | Four Persons |
|---|---|---|---|---|
| Food | $458 | $820 | $977 | $1,143 |
| Housekeeping supplies | $44 | $75 | $83 | $82 |
| Apparel & services | $87 | $157 | $187 | $300 |
| Personal care products & services | $48 | $80 | $87 | $97 |
| Miscellaneous | $171 | $279 | $343 | $405 |
| **Total** | **$808** | **$1,411** | **$1,677** | **$2,027** |

| More than four persons | Additional Amount Per Person |
|---|---|
| For each additional person, add to four-person total allowance: | $386 |

### Bankruptcy Allowable Living Expenses – National Standards (See 11 U.S.C. § 707(b)(2)(A)(ii)(I))

| Expense | One Person | Two Persons | Three Persons | Four Persons |
|---|---|---|---|---|
| Food & Clothing (Apparel & Services)* | $545 | $977 | $1,164 | $1,443 |
| **5% of Food & Clothing** | **$27** | **$49** | **$58** | **$72** |

| More than four persons | Additional Amount Per Person |
|---|---|
| Food & Clothing (Apparel & Services)* | $275 |
| **5% of Food & Clothing** | **$14** |

* This total may differ from the combination of the two amounts on the table above due to rounding.